## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

ROBERT W. KNAAK,

      Appellant,

v.

WELLS FARGO BANK N.A.,

      Appellee.

1:19-cv-00522-NLH

**OPINION**

---

ROBERT W. KNAAK,

      Appellant,

v.

WELLS FARGO BANK N.A.,

      Appellee.

1:19-cv-05523-NLH

---

**APPEARANCES:**

ROBERT W. KNAAK
413 PINE AVENUE
EGG HARBOR TOWNSHIP, NJ 08234

    *Appellant appearing pro se*

LAWRENCE P. MAHER
GREENBAUM ROWE SMITH & DAVIS
METRO CORPORATE CAMPUS ONE
PO BOX 5600
WOODBRIDGE, NJ 07095

    *On behalf of Appellee Wells Fargo Bank N.A.*

**HILLMAN, District Judge**

Appellant Robert W. Knaak appeals the Bankruptcy Court's dismissal of his two adversary proceedings, Adv. Pro. No. 18-1533-ABA and Adv. Pro. No. 18-1617-ABA.[1]  Appellee Wells Fargo Bank N.A. has not filed a response to Knaak's appeals.  For the reasons expressed below, the decisions of the Bankruptcy Court will be affirmed, and Knaak's appeals will be dismissed.

## BACKGROUND

Knaak filed his first adversary proceeding, Adv. Pro. No. 18-1533-ABA, on October 22, 2018.  On December 10, 2018, the Bankruptcy Court dismissed Knaak's first adversary proceeding.  In its Opinion, the Bankruptcy Court set forth Knaak's claims:

> In his complaint, Mr. Knaak complains about irregularities with defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") proof of claim ("Claim #2") that he claims eliminates its legal standing and right to file any pleadings in this court in this case.  Doc. No. 1 (the "Complaint") at ¶ 7.  First, Mr. Knaak alleges that though Wells Fargo checked that the claim was not acquired from someone else, it was in fact acquired from Wachovia Bank, N.A. when Wells Fargo acquired Wachovia.  Second, he complains that the proof of claim asserts an unsecured claim, when he believes it is secured.  Third, he complains that Christopher Ford, who filed the proof of claim, is an attorney rather than an individual with authority as an officer of Wells Fargo.  Mr. Knaak asks that this court strike the alleged secured creditor and its proof of claim, and enter an order prohibiting Mr.

---

[1] Knaak appeared *pro se* in the Bankruptcy Court for both adversary proceedings, and he is appearing *pro se* here in both of his appeals.

Ford from certifying documents for his clients and to report Mr. Ford to the New Jersey Bar and American Bar Association or any other sanctions or orders as the court deems just and proper.

(Adv. Pro. No. 18-1533-ABA, Docket No. 13 at 1.)

The Bankruptcy Court rejected each of Knaak's arguments:

1.    The "Acquired Form" Argument:

Wells Fargo has standing in this case and any failure to accurately complete Part 1.2 of its proof of claim, if even necessary, would not warrant disallowance of its claim.  Mr. Knaak is fully aware of this creditor and continues to do business with it.  The allegations in the Complaint as to this issue are unfounded and unsupported by the facts and law and the Complaint must be dismissed with regard thereto.  (Id. at 3.)

2.    The "Unsecured Claim" Argument:

Wells Fargo has standing in this case to assert an unsecured proof of claim as the claim is not secured by any property owned by Mr. Knaak individually.  Whether the obligation is or is not in default or is disputed is of no import. The Bankruptcy Code's broad definition of the term "claim" encompasses Wells Fargo's claim in this case. Mr. Knaak's misplaced argument cannot result in a disallowance of its claim.  The allegations in the Complaint as to this issue are unfounded and unsupported by the facts and law and the Complaint must be dismissed with regard thereto.  (Id. at 4.)

3.    The Christopher Ford Argument:

In addition, as with his other allegations, this one is not sufficient to negate the *prima facie* validity of the filed claim.  As the check boxes in Part 3 of the Proof of Claim suggest, a creditor, its attorney or its authorized agent may file a proof of claim on behalf of a creditor.  It does not matter whether Mr. Ford is the creditor's attorney or its authorized agent--either can file the proof of claim for Wells Fargo.  Thus, in addition, reporting Mr. Ford to any ethics panel is not

appropriate and dismissal of the Complaint as it pertains
to these allegations is warranted.  (Id. at 5.)

The Bankruptcy Court concluded that Knaak failed to

assert any cognizable claims and it granted Wells Fargo's

motion to dismiss his adversary complaint.  The Bankruptcy

Court further ordered:

> [T]he court notes that Wells Fargo's unsecured claim in
> the amount of $686,411 puts Mr. Knaak over the debt limit
> for filing a chapter 13 case.  Only an individual owing
> less than $394,725 in noncontingent, liquidated,
> unsecured debts may be a debtor under chapter 13.  11
> U.S.C. § 109(e).  Mr. Knaak will be afforded 14 days to
> convert his case to another chapter for which he is
> eligible, else the court will dismiss his case as he is
> ineligible to proceed under chapter 13.

(Id.)

On December 17, 2018, Knaak filed a motion for

reconsideration.  (Adv. Pro. No. 18-1533-ABA, Docket No. 16.)

On that same day, Knaak filed an appeal of the Bankruptcy

Court's decision in this Court, Civil Action No. 19-522.

On January 7, 2019, the Bankruptcy Court denied Knaak's

motion for reconsideration.  (Adv. Pro. No. 18-1533-ABA,

Docket No. 28.)   The Bankruptcy Court noted that in

dismissing the adversary proceeding, it refused to consider

Knaak's objection that was filed on the same day as the

hearing because it was not filed and served no later than four

days before the hearing date, as required by the Bankruptcy

Court's rules.  (Id. at 2.)  The Bankruptcy Court also noted

that in any event, Knaak was able to voice his arguments

at the hearing.  (Id.)

The Bankruptcy Court also addressed Knaak's argument

related to the Bankruptcy Court's intention to dismiss or

convert his Chapter 13 case (Case No. 18-24064-ABA) because he

was ineligible under Chapter 13.  The Bankruptcy Court noted

that Knaak had opposed that path in his Chapter 13 case, which

was the proper forum for mounting such a challenge.  The

Bankruptcy Court also noted that the issue was not yet ripe

because an Order to Show Cause had not yet been entered.  (Id.

at 2.)

Finally, the Bankruptcy Court found that Knaak's filing

of an appeal in this Court divested it of jurisdiction to

consider his motion for reconsideration.  (Id. at 3.)

Knaak filed a second adversary proceeding Adv. Pro. No.

18-1617-ABA on December 4, 2018, six days before the

Bankruptcy Court dismissed his first adversary proceeding.

Wells Fargo moved to dismiss the second adversary complaint.

(Adv. Pro. No. 18-1617-ABA, Docket No. 4.)  The Bankruptcy

Court held a hearing on January 29, 2019 (id. at 11),[2] and

---

[2] This Court has listened to the audio transcript of the
January 29, 2019 hearing.

dismissed Knaak's second adversary complaint on February 1,

2019 (id. at 14).

The Bankruptcy Court found, in relevant part:

> In his latest challenge to its claim, Mr. Knaak
> states that this is an action of legal standing;
> complains that the copy of the Note that he possesses has
> a maturity date of December 18, 2014 while the copy filed
> in court by Wells Fargo shows December 18, 2017; and
> complains that the loan documents show an amortization
> schedule that ends in December 2012.  He argues that the
> "uncertainty of the Maturity Date" "nullifies and voids
> the Note *ab initio* or when it was executed."  . . .

> It is important to note that in his Response, Mr.
> Knaak repeats the same argument that uncertainty of the
> maturity date renders the Note void *ah initio* - an issue
> previously decided by this court when raised by him in
> connection with his "Motion to Compel Wells Fargo Bank to
> Not Destroy, Alter In Any Way Notes and Stay Adv.
> Proceeding 18-1533."  Indeed, in the complaint here, Mr.
> Knaak alleged the same facts as in his Motion to Compel.
> In fact, paragraphs four though 28 of Mr. Knaak's
> complaint are identical to paragraphs one through 25 of
> the Motion to Compel.  Mr. Knaak also again provided an
> unexecuted Note as disclosing the 2014 maturity date, as
> well as the letter from Wells Fargo explaining all of
> what Mr. Knaak sees as anomalies in the loan transaction,
> including the amortization schedule.

> The court rejected Mr. Knaak's argument in his
> Motion to Compel, and the Order regarding that decision
> has become final . . . [I]n in denying the Motion to
> Compel, the court explained that the Note reflects that
> on December 18, 2007 the Knaak Family Trust LLC entered
> into a 10-year loan based on a 20-year amortization
> schedule.  A balloon payment at the end of the 10 years
> would pay the remaining amount due.  The applicable
> interest rate was agreed to be hedged for the first five
> years of the loan--thus explaining the amortization
> schedule that ends in December 2012--and thereafter would
> be at the variable rate set forth in the Note.  That
> variable rate is why there is no amortization schedule

for the second five years of the loan: it could not be
known in advance what interest rate would be charged each
month.  Mr. Knaak and his wife, Sarah, that same day
signed an Unconditional Guaranty of the Note, under which
they are jointly and severally liable for the amount
owed.  As explained by this court in its Memorandum
Decision denying Mr. Knaak's Motion for Reconsideration,
dated January 15, 2019 (Doc. No. 83 in the main case),
this means that Wells Fargo has a claim of $686,411.37
that it can collect in full from either Mr. Knaak or his
wife.  The court's order with regard thereto is a final
order.

(Adv. Pro. No. 18-1617-ABA, Docket No. 13 at 1-3.)

The Bankruptcy Court dismissed Knaak's second adversary
complaint because it rejected Knaak's argument that the
maturity date was uncertain, finding that it was clearly
December 18, 2017.  The Bankruptcy Court also dismissed the
second adversary complaint under the doctrine of res judicata.
(Id. at 3.)  Knaak's notice of appeal was docketed in this
Court on February 13, 2019, in Civil Action 19-5523.

## DISCUSSION

### A.    Jurisdiction and Standard of Review

This Court has jurisdiction over the appeal from the
Bankruptcy Court's orders pursuant to 28 U.S.C. § 158(a),
which provides in relevant part: "The district courts of the
United States shall have jurisdiction to hear appeals from
final judgments, orders and decrees  . . . of bankruptcy
judges entered in cases and proceedings referred to the

bankruptcy judges under section 157 of this title.  An appeal

under this subsection shall be taken only to the district

court for the judicial district in which the bankruptcy judge

is serving."

In reviewing a determination of the Bankruptcy Court, the

district court subjects the bankruptcy court's legal

determinations to plenary review, reviewing its factual

findings for clear error, and considering its exercise of

discretion for abuse thereof.  In re United Healthcare Sys.,

Inc., 396 F.3d 247, 249 (3d Cir. 2005).

**B.   Analysis**

In his appeals, Knaak challenges the Bankruptcy Court's

findings regarding his "acquired form" argument, the

"unsecured claim" argument, the Christopher Ford argument, and

the "uncertain maturity date" argument.  Knaak advances

truncated versions of the same arguments here that he asserted

in his adversary proceedings.[3]  Other than disagreeing with the

Bankruptcy Court's findings on these issues, Knaak fails,

however, to cite to any legal authority to support his renewed

arguments or otherwise show that the Bankruptcy Court erred on

---

[3] The majority of Knaak's submissions to support his appeals
are copies of allegations and documents filed in his two
adversary proceedings.

its consideration of the facts or the law.  See, e.g., In re Smith, 757 F. App'x 77, 82 (3d Cir. 2018) (affirming the denial of the appellant's bankruptcy appeal because "she has shown nothing more than disagreement with their rulings").

More specifically, Knaak challenges the Bankruptcy Court's January 7, 2019 decision on his motion for reconsideration in his first adversary proceeding because it was issued prior to the January 15, 2019 scheduled hearing date.  Knaak does not cite to a procedural rule or any legal authority to support his contention that the Bankruptcy Court was not permitted to issue a decision on a fully briefed motion prior to a scheduled hearing date.

Moreover, Knaak had filed his motion for reconsideration of the Bankruptcy Court's December 10, 2018 order dismissing his first adversary complaint on December 17, 2018, which is the same day as he filed his appeal to this Court.  The Bankruptcy Court noted this procedural history in its order denying Knaak's motion for reconsideration, and stated that Knaak's appeal to the district court on the same issues divested it of jurisdiction to consider any of those issues appealed.  (Adv. Pro. No. 18-1533-ABA, Docket No. 28 at 3.) Thus, because the Bankruptcy Court did not have jurisdiction to consider Knaak's arguments on reconsideration, it was not

error to deny Knaak's motion without proceeding with oral

argument on it.

Knaak further contends that the Bankruptcy Court

improperly applied the doctrine of res judicata in dismissing

his second adversary complaint.[4]  Knaak argues that the

Bankruptcy Court improperly dismissed his second adversary

complaint based on the mistaken finding that it raised the

same issues as his first adversary complaint.  That argument

is without merit because the Bankruptcy Court did not find

that Knaak's second adversary complaint was duplicative of his

first.  Instead, the Bankruptcy Court noted that the maturity

date issue was a new argument advanced in the second adversary

---

[4] Res judicata encompasses claim and issue preclusion.  <u>U.S. v.
5 Unlabeled Boxes</u>, 572 F.3d 169, 174 (3d Cir. 2009) (quoting
<u>Venuto v. Witco Corp.</u>, 117 F.3d 754, 758 n.5 (3d Cir. 1997)
("Collateral estoppel customarily refers to issue preclusion,
while res judicata, when used narrowly, refers to claim
preclusion.  This court has previously noted that 'the
preferred usage' of the term res judicata 'encompasses both
claim and issue preclusion.'").  Claim preclusion requires a
showing that there has been (1) a final judgment on the merits
in a prior suit involving (2) the same claim and (3) the same
parties or their privies.  <u>Id.</u> (citation omitted).  Collateral
estoppel requires of a previous determination that (1) the
identical issue was previously adjudicated; (2) the issue was
actually litigated; (3) the previous determination was
necessary to the decision; and (4) the party being precluded
from relitigating the issue was fully represented in the prior
action.  <u>Id.</u> (citation omitted).

complaint, and it found that it had already addressed that

issue when it resolved Knaak's motion to compel in his main

bankruptcy case.  (Adv. Pro. No. 18-1617-ABA, Docket No. 13 at

3.)  Thus, the Bankruptcy Court applied res judicata to

arguments raised in the second adversary complaint that were

previously addressed in the main bankruptcy case, not in the

earlier adversary complaint.  The Court does not find any

error on this issue.[5]

Finally, Knaak argues that the Bankruptcy Court applied

"Equity instead of Law as it is required for Judges," and that

it was biased.  Knaak provides no evidence other than his own

dissatisfaction with the Bankruptcy Court's decisions to

support that contention.  See, e.g., In re Smith, 757 F. App'x

at 82 ("Smith also argues that the Bankruptcy Judge (and now

the District Judge) were biased against her, but she has shown

---

[5] The Bankruptcy Court also "question[ed] why the issues raised
in Mr. Knaak's latest complaint were not raised in Mr. Knaak's
previously dismissed adversary proceeding against Wells Fargo-
Adv. Pro. 18-1533-ABA."  (Adv. Pro. No. 18-1617-ABA, Docket
No. 13 1 n.1.)  This constitutes a separate basis to dismiss
Plaintiff's adversary complaint under res judicata.  See In re
Banks, 223 F. App'x 142, 146 (3d Cir. 2007) (finding that
because the debtor failed to raise his claims in a prior
proceeding, the debtor could not litigate them in his
adversary complaint), citing CoreStates Bank, N.A. v. Huls
Am., Inc., 176 F.3d 187, 194 (3d Cir. 1999) ("Res judicata
'gives dispositive effect to a prior judgment if a prior
issue, although not litigated, could have been raised in the
earlier proceeding.'").

nothing more than disagreement with their rulings and neither those rulings nor anything else of record suggests 'a deep-seated favoritism or antagonism that would make fair judgment impossible.'" (quoting <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994)); <u>In re Walters</u>, 649 F. App'x 273, 275 (3d Cir. 2016) (affirming the district court's dismissal of the debtor's bankruptcy appeal when it found "[a] losing streak, without more, is not suggestive of bias; it ordinarily reflects nothing more or less than the judge's view of the merits," and "[t]he facts ... do not raise any reasonable inference of bias").

## CONCLUSION

For the reasons expressed above, the Bankruptcy Court did not err in dismissing Knaak's two adversary complaints. The orders of the Bankruptcy Court will be affirmed, and Knaak's appeals dismissed. An appropriate Order will be entered.

Date: <u>December 18, 2019</u>      <u>s/ Noel L. Hillman</u>
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.